Ivey *v.* Sconier

No. 40917 November 17, 1958 106 So. 2d 399

*Quitman Ross, Pershing B. Sullivan,* Laurel, for appellant.

*Barnett, Jones & Montgomery, Lipscomb, Ray & Barksdale,* Jackson, for appellee.

GILLESPIE, J.

Appellant filed suit against appellee for personal injuries sustained in an automobile accident. Appellee filed a counterclaim for personal injuries sustained in the

same accident. The jury found against appellant and awarded appellee damages on the counterclaim.

The accident occurred in the driveway of the Hilton home which is located on the west side of Seventh Street, which is also Highway 15, and which runs north and south in the City of Laurel. The Hilton driveway is about 125 feet south of the crest of a hill. Appellee was driving his automobile, in which were his wife and two small children, south on Seventh Street. Appellant drove his pickup truck north on Seventh Street until he reached a point opposite the Hilton driveway where he pulled off the pavement on the east side of Seventh Street to allow following traffic to pass. He then turned west and drove across Seventh Street into the Hilton driveway, his employees then being engaged in work at Hilton's place. The point of impact was in the Hilton driveway where the front of appellee's automobile struck the right front door of appellant's pickup truck. Seventh Street is paved twenty feet in width. There is no curb and Hilton's yard, which slopes to the south, is sodded with grass approximately the same level as the street. The weather was clear. It was daytime. Appellant crossed a yellow line east of the center line of the street.

Appellant's version of the disputed facts, corroborated by one of his employees who was in the Hilton yard, is substantially as next stated. After stopping on the east side of Seventh Street as already stated, appellant looked both ways and when no vehicle was in sight either way, he drove west across the highway. He last looked north when he was in the center of the street, with only ten feet to go in order to get into Hilton's driveway, and no vehicle was in sight, and he could see three or four hundred feet to the north. He entered the driveway and stopped his truck with the front end twenty-five feet west of Seventh Street and the rear end about eight feet from the street. He put his truck in neutral and left the engine running, and after he called to his

employee to bring him a trowel, and after he had been parked long enough to count about five, he heard brakes screeching north of him, and appellant's automobile skidded across the Hilton lawn and hit appellant's truck. Appellant did not contend he gave any signal before crossing the street because, he said, there was no one in sight. Appellant also offered two witnesses who testified that appellee's automobile skidded an estimated 150 feet across the grass before striking appellant's truck, but they did not make any measurements.

Appellee's version, corroborated in part by his wife (who did not look forward until just before the impact), and fully corroborated by two disinterested witnesses who were in an automobile following appellee, is next stated. He was driving about 30 miles per hour and when he reached a point about 150 feet north of Hilton's driveway, he saw appellant's truck on the east side of the highway on the shoulder standing still. When he was about 80 feet north of appellant's truck, appellant suddenly drove his truck west across the highway. Appellee applied his brakes, blew his horn, and turned to his right to avoid a collision. Appellant continued across the street into Hilton's driveway and was still moving west when appellee's automobile struck tthe truck. When they collided, appellant's truck was partly in the driveway with the rear end still in the street, and appellee's left wheel was about three feet west of the street pavement. Appellee said he measured the skid marks made by his automobile and that it skidded 65 feet, less the length of his automobile, downhill across grass.

Appellant contends that he was entitled to the peremptory instruction on appellee's own testimony; that if appellee had not turned off the street he would not have hit appellant's truck. He also contends that the distance appellee skidded was conclusive evidence that appellee was traveling at an excessive speed. He also contends that the verdict was against the overwhelming

weight of the evidence and that the court erred in submitting to the jury the question whether appellant's negligence, if any, was the sole cause of the collision.

The answer to all of appellant's contentions is that the issues presented were for the jury. There is sharp conflict in the testimony. We cannot say as a matter of common knowledge that the skidding of an automobile down grade over a grass lawn a distance of 50 or 60 feet is conclusive proof that the vehicle was traveling at an excessive speed, nor can we say, as a matter of law, that appellee was negligent in turning his automobile to the right when another vehicle suddenly drove across the highway in front of him.

All issues were for the jury. We find no error.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* Concur.